THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKIE JEFFREYS Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE ESTEE LAUDER COMPANIES INC., ESTEE LAUDER INC., ELC BEAUTY LLC, ELC MANAGEMENT LLC, and JO MALONE INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) **COLLECTIVE AND CLASS** <br> ) **ACTION COMPLAINT** <br> ) <br> ) Jury Trial Demanded <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) |

## INTRODUCTION

Plaintiff VICKIE JEFFREYS, individually and on behalf of all others similarly situated, through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid wages and unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff and other current and former customer service representatives, sales representatives, product specialists, stylists, freelancers, and similarly situated current and former employees holding comparable positions but different titles (collectively, "Representatives"), employed by Defendants, THE ESTEE LAUDER COMPANIES INC., ("ELC") ESTEE LAUDER INC., ELC BEAUTY LLC, ELC MANAGEMENT LLC, and JO MALONE INC. (collectively, "Estee Lauder") in the United States, who worked more than 40 hours in any given workweek at beauty products counters, in busy, high pressured environments in department stores and in free standing stores for Estée

Lauder, from three years before the date this Complaint was filed until the entry of judgment in this matter, and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) ("FLSA Collective").

2. This action also seeks to recover unpaid wages and unpaid overtime compensation under the New York Labor Law, Article 19 §§ 650, et seq. ("NYLL") for Plaintiffs and other current and former representatives who worked more than 40 hours in any workweek for Estee Lauder from six years before the date this Complaint was filed until the entry of judgment in this matter, pursuant to Fed. R. Civ. P. 23 (the "New York Rule 23 Class").

## THE PARTIES

### I. Plaintiff

3. Plaintiff Vickie Jeffreys ("Plaintiff") is an individual residing in Hackensack, New Jersey.

4. Plaintiff was employed by Estee Lauder as an hourly employee (specifically designated as a "Freelancer") in various of Defendant Jo Malone stores in New York between November, 2011 and March 31, 2018.

5. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

### II. Defendants

6. Defendant THE ESTEE LAUDER COMPANIES INC. ("ELC") is a corporation incorporated under the laws of Delaware, with its headquarters located in New York, New York.

7. Defendant ESTEE LAUDER INC. is upon information and belief, a wholly owned subsidiary of ELC and is a corporation incorporated under the laws of Delaware, with its headquarters located in New York, New York.

8. Defendant ELC BEAUTY LLC, is upon information and belief, a wholly owned subsidiary of ELC and is a limited liability corporation incorporated under the laws of New York, with its headquarters located in New York, New York.

9. Defendant ELC MANAGEMENT LLC, is upon information and belief, a wholly owned subsidiary of ELC, and is a limited liability corporation incorporated under the laws of Delaware, with its headquarters located in New York, New York.

10. Defendant JO MALONE INC. is upon information and belief, a wholly owned subsidiary of ELC, and is a limited liability corporation incorporated under the laws of Delaware, with its headquarters located in New York, New York.

11. Estee Lauder is a global leader in prestige beauty, with a diverse portfolio of 25+ brands sold in 150 countries and territories. It is one of Forbes Global 2000 companies generating about $11.4 billion from sales in 2017 and has over 46,000 employees worldwide.[1]

12. At all times relevant herein, each Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all times relevant herein, each Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all times relevant herein, each Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further,

---

[1] https://www.elcompanies.com/en/who-we-are

Defendants have had (and have) a gross volume of sales, made or done business in an amount of at least $500,000.

15. At all times relevant herein, Plaintiff and all similarly situated Representatives were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

18. Upon information and belief, Defendants regularly conduct business in this district.

19. Defendants are subject to personal jurisdiction in this district because either they or their parent corporation, are headquartered here.

20. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Estee Lauder as Representatives at any time from three years from the date of filing this Complaint until the entry of judgment in this case (the "Collective Action Period") (collectively, the "Collective Action Members").

22. Estee Lauder is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other Representatives.

23. There are many similarly-situated current and former Representatives who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

24. The similarly situated employees are known to Estee Lauder, are readily identifiable and can be located through Estee Lauder's records.

## NY CLASS ALLEGATIONS

25. Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to prosecute her NYLL claims as a class action on behalf of all persons who are or were formerly employed by Estee Lauder in New York State as Representatives (collectively, the "NY Class Action Members") at any time from six years from the date of filing this Complaint until entry of judgment in this case (the "Class Action Period").

26. The persons in the NY Class are so numerous that their joinder is impracticable.

27. Plaintiff's claims are typical of the claims of the NY Class. She is an adequate representative to fairly prosecute the interests of the Class and has retained competent counsel to advance the interests of the NY Class. And, there are questions of law and fact common to the NY Class, which predominate over any questions solely affecting the individual members of the NY Class, including but not limited to:

    a. whether Estee Lauder has failed to keep true and accurate time records for all hours worked by the Plaintiff and the New York Rule 23 Class;

    b. what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

    c. whether Estee Lauder has failed and refused to pay Plaintiff and the New York Rule 23 Class for hours worked at their agreed rates of pay within the meaning of the NYLL Article 6 §§ 190 *et seq.*;

    d. whether Estee Lauder has failed and refused to pay Plaintiff and the New York Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    e. the nature and extent of New York Rule 23 Class-wide injury and the appropriate measure of damages for the New York Rule 23 Class;

    f. whether Estee Lauder has a policy of failing to pay workers for time that they work;

    g. whether Estee Lauder's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    h. whether Estee Lauder has failed to compensate Plaintiff and the New York Rule 23 Class for all work Estee Lauder required and/or suffered or permitted them to perform; and

    i. whether Estee Lauder has correctly calculated and compensated Plaintiff and the New York Rule 23 Class for hours worked in excess of 40 per workweek.

28. A class action in superior to other methods of adjudicating the NYLL claims set forth in this case.

## FACTUAL ALLEGATIONS

29. Estee Lauder employed Plaintiff, the FLSA Collective, and the New York Rule 23 Class as Representatives.

30. Plaintiff, the FLSA Collective, and the New York Rule 23 Class performed work as Representatives that was integrated into the normal course of Estee Lauder's business.

31.     Consistent with Estee Lauder's policy, pattern and practice, Plaintiff, the FLSA Collective, and the New York Class regularly worked in excess of 40 hours per workweek without being paid premium overtime wages, in violation of the FLSA and/or the NYLL.

32.     Plaintiff worked 41.5 to 58 hours per week for which she was not paid proper wages or overtime premium wages.  For example, during the weeks of June 29, 2015 and November 21, 2016, Plaintiff worked 58 hours and 48 hours, respectively, for which she was not paid overtime compensation.

33.     Furthermore, Defendants instructed Plaintiff to work, and Plaintiff routinely worked outside, her scheduled shift (*e.g.*, to prepare and setup the store before opening and after closing) without compensation.

34.     Estee Lauder assigned the work Representatives performed and is aware of the work that they have performed.

35.     As part of its regular business practice, Estee Lauder has intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA and the NYLL with respect to Plaintiff, the FLSA Collective, and the New York Rule 23 Class Members as described in this Complaint. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to record all the time that its employees worked, as required by the FLSA, and the NYLL;

   b. willfully failing to keep payroll records with respect as required by the FLSA, and the NYLL;

   c. willfully failing to pay its employees for all the time that they have been suffered or permitted to work for Estee Lauder's benefit, including but not limited to time that they worked outside of their scheduled shifts;

    d. ordering its employees, including the Plaintiff, FLSA Collective, and the New York Rule 23 Class to never call in over 40 hours and ordering that they "rollover" their hours to the next pay cycle that has less than 40 hours; and

    e. requiring, suffering, and permitting its employees, including Plaintiff, the FLSA Collective, and the Class Members, to work many hours beyond 40 in a workweek, including but not limited to time outside of their scheduled shifts, without paying them proper overtime premium wages.

36. During the Collective Action Period, upon information and belief, Estee Lauder failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as required by the FLSA. This failure to post or keep posted a notice explaining the minimum wage and overtime wages was willful and in reckless disregard of the Plaintiff's and other similarly situated Representatives'' rights under the FLSA.

37. Due to the foregoing, Estee Lauder's failure to pay overtime wages for work performed by the Collective and the New York Rule 23 Class in excess of 40 hours per workweek was willful and reckless, and has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective

38. Plaintiff realleges and incorporates by reference allegations in paragraphs 1-37.

39. Estee Lauder has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

40. At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

41. The overtime wage provisions set forth in the FLSA apply to Estee Lauder and protect Plaintiff and the FLSA Collective.

42. Estee Lauder is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43. At all times relevant, Plaintiff and the FLSA Collective have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

44. Estee Lauder has failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

45. Estee Lauder's violations of the FLSA, as described in this Complaint, have been willful and intentional within the meaning of the FLSA.87

46. Estee Lauder has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

47. Because Estee Lauder's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48. As a result of Estee Lauder's violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA.

49. As a result of the unlawful acts of Estee Lauder, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime Wages**
**On Behalf of Plaintiff and the New York Rule 23 Class**

46. Plaintiff realleges and incorporates by reference all allegations in paragraphs 1-37.

47. Estee Lauder has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

48. At all times relevant, Plaintiff and the members of the New York Rule 23 Class have been employees and Estee Lauder has been an employer within the meaning of the NYLL.

49. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Estee Lauder and protect Plaintiff and the members of the New York Rule 23 Class.

50. Estee Lauder has failed to pay Plaintiff and the members of the New York Rule 23 Class the overtime wages to which they are entitled under the NYLL.

51. By Estee Lauder's knowing and intentional failure to pay Plaintiff and the members of the New York Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NYLL 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

52. Due to Estee Lauder's violations of the NYLL, Plaintiff and the members of the New York Rule 23 Class are entitled to recover from Estee Lauder their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law Article 6 – Unpaid Regular Wages**
**(Brought on behalf of Plaintiff and the members of the New York Rule 23 Class)**

53. Plaintiff realleges and incorporates by reference all allegations in paragraphs 1-37.

54.     The provisions of NYLL Article 6 §§ 190 *et seq.* of the NYLL and its supporting regulations apply to Estee Lauder and protect Plaintiff and the members of the New York Rule 23 Class.

55.     At all times relevant to this action, Plaintiff and the members of the New York Rule 23 Class have been employees and Estee Lauder has been an employer within the meaning of the NYLL §§ 190, 651(5).

56.     Estee Lauder has engaged in a pattern, practice, and policy of failing to compensate the Plaintiff and the members of the New York Rule 23 Class at their agreed regular rates of pay for all hours either worked or required to be compensated by the terms of Estee Lauder's employment agreements with Plaintiff and the Class members.

57.     Estee Lauder's failure to pay Plaintiff and the members of the New York Rule 23 Class their wages at their agreed hourly regular and overtime pay rates for all hours worked or required to be compensated by law violates the NYLL Article 6, §§ 190 *et seq.*

58.     Due to Estee Lauder's violations of the NYLL, Plaintiff and the members of the New York Rule 23 Class are entitled to recover from Estee Lauder their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

Plaintiff seeks the following relief on behalf of herself and all others similarly-situated:

A.     Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. Certification of this action as a class action under Fed. R. Civ. P. 23 on behalf of the New York Rule 23 Class Action Members;

C. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and NYLL, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

D. Unpaid regular wages at the agreed rate pursuant to NYLL Article 6, §§ 190 *et seq*, and the supporting New York State Department of Labor regulations

E. Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

F. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

G. An injunction under the NYLL requiring Defendants to cease its unlawful practices;

H. An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA and NYLL;

I. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

J. An award of prejudgment and post-judgment interest;

K. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees and an award of a service payment to the Plaintiff; and

L. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff, the Collective Action Members, and the NY Class demand a trial by jury on all questions of fact raised by the Complaint.

Dated: May 29, 2019

By: **Klafter Olsen & Lesser LLP**

*s/ Fran L. Rudich*
Seth R. Lesser
Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220
Email: seth@klafterolsen.com
            fran@klafterolsen.com

Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Ave, Suite 701
Hackensack, NJ 07601
Tel. & Fax: (201) 273-7117
Email: ykim@kimlf.com

***Attorneys for Plaintiff, the Collective and the New York Rule 23 Class***